Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MARYMAR 801 ACQUISITION, LLC Recurrida | KLCE202301345 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
| v. | | Caso número: SJ2021CV08127 |
| STEWART TITTLE GUARANTY COMPANY Peticionario | | Sobre: Daños y Perjuicios; Incumplimiento de Contrato de Seguros |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 14 diciembre de 2023.

Comparece ante *nos*, Stewart Tittle Guaranty Company (peticionario) y nos solicita que revisemos y revoquemos la *Orden* emitida y notificada el 21 de noviembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la *Urgente Moción en Solicitud de Órdenes*, que presentó la parte peticionaria.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, *denegamos* el auto de *certiorari*, por los fundamentos que exponemos a continuación.

## I.

Según surge del expediente ante *nos*, el 10 de diciembre de 2021, Marymar 801 Acquisition, LLC. (recurrida) presentó una *Demanda* en contra de la parte peticionaria sobre daños y perjuicios e incumplimiento de contrato. En apretada síntesis, reclamó un incumplimiento de contrato relacionado con la póliza de seguro de

Número Identificador

RES2023 _____

título expedida por la parte peticionaria. Dicha póliza de seguro asegura un pagaré hipotecario originalmente otorgado por Roberto Cacho e Ileana Cambó (matrimonio Cacho-Cambó) sobre una propiedad en el Condominio Marymar en San Juan.

El 22 de febrero de 2022, la parte peticionaria presentó una *Contestación a Demanda.* Luego de varios trámites procesales, el 12 de abril de 2023, el foro de instancia celebró una Vista en la cual estableció que el descubrimiento de prueba culminaría el 30 de septiembre de 2023. Posteriormente, la parte recurrida solicitó una extensión al término para presentar mociones dispositivas. Consecuentemente, el foro de instancia concedió la extensión del término hasta el 1 de diciembre de 2023.

Así las cosas, el 26 de septiembre de 2023, la parte peticionaria diligenció una citación a un *subpoena* bajo la Regla 40 de Procedimiento Civil[1], al Banco Popular de Puerto Rico (Banco Popular), quien es un tercero que no forma parte del pleito. Oportunamente, el 10 de octubre de 2023, Banco Popular envió una misiva al representante legal de la parte peticionaria mediante la cual indicó que era necesaria una orden del Tribunal para poder producir la información solicitada. El 2 de noviembre de 2023, la parte peticionaria envió una misiva al Banco Popular mediante la cual intentó llegar a un acuerdo para la inspección ocular preliminar con el propósito de depurar la prueba que no fuese pertinente y posteriormente, solicitar la orden judicial para la producción de los documentos.

Luego, el 16 de noviembre de 2023, la parte peticionaria presentó una *Urgente Moción en Solicitud de Órdenes.* En esta, solicitó al foro de instancia una orden para que el Banco Popular produjera la información solicitada mediante *subpoena.* Además,

---

[1] (32 LPRA Ap V).

solicitó que el término para presentar mociones dispositivas fuera aplazado por treinta (30) días adicionales. Acto seguido, el 17 de noviembre de 2023, la parte recurrida presentó una *Oposición a Urgente Moción en Solicitud de Órdenes.*

El 21 de noviembre de 2023, el TPI emitió una *Orden* escueta mediante la cual declaró *No Ha Lugar* la *Urgente Moción en Solicitud de Órdenes.* Inconforme con esa determinación, el 30 de noviembre de 2023, la parte peticionaria acudió ante *nos* mediante un recurso de *certiorari* y señaló la comisión del siguiente error:

> **Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Urgente Moción en Solicitud de Órdenes de la parte demandada-peticionaria y, por consiguiente, erró al no ordenar al BPPR producir los documentos solicitados por STGC mediante subpoena.**

Ese mismo día, la parte peticionaria presentó una *Moción Urgente en Auxilio de Jurisdicción.* El 1 de diciembre de 2023, emitimos una *Resolución* mediante la cual se le concedió a la parte recurrida cinco (5) días para que presentara su posición al recurso. El 8 de diciembre de 2023, la parte recurrida presentó una *Oposición a Petición de Certiorari y Solicitud de Desestimación.* Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**

**A. Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González*

*v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación,* 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News,* 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los

asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal

apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

### B. Abuso de discreción

Nuestro Tribunal Supremo ha establecido que, los tribunales apelativos no interferirán con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022). Por lo cual, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*; *Luch v. España Service Sta., supra*.

En lo pertinente, nuestro máximo Foro ha definido la discreción judicial como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*. Véase, además, *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1997). Así pues, el ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra*. Conforme a lo anterior, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho. Íd. Véase, además, *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).

Asimismo, se ha señalado que un tribunal abusa de su discreción:

> cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en este, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros, supra; SLG Zapata-Rivera v. J.F. Montalvo, supra.*

### III.

Luego de examinar puntillosamente el expediente del recurso ante nuestra consideración, declinamos ejercer nuestra discreción para expedir el auto discrecional solicitado.

Al examinar el trámite procesal del caso, específicamente la *Urgente Moción en Solicitud de Órdenes* que presentó la parte peticionaria ante la consideración del foro recurrido, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho al emitir la Orden recurrida. *Pueblo v. Rivera Santiago, supra; S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso ante *nos*, el foro de instancia evaluó la *Urgente Moción en Solicitud de Órdenes* que presentó la parte peticionaria, así como la *Oposición a Urgente Moción en Solicitud de Órdenes* que presentó la parte recurrida y, en consecuencia, declaró *No Ha Lugar* la solicitud de la parte peticionaria. Con tal proceder, el foro de instancia actuó dentro de su discreción y conforme a derecho, pues el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.,* 142 DPR 117 (1996).

No podemos pasar por desapercibido que, el foro de instancia concedió hasta el 30 de septiembre de 2023 para finalizar el descubrimiento de prueba y presentar las mociones dispositivas. Así las cosas, posteriormente, extendió el término hasta el 1 de diciembre de 2023. Sin embargo, la parte peticionaria esperó hasta el 16 de noviembre de 2023 para presentar la *Urgente Moción en Solicitud de Órdenes.* Es decir, presentó su solicitud catorce (14) días antes de la fecha límite concedida por el foro recurrido aun cuando el descubrimiento de prueba se extendió por más de (1) año.

En fin, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo. La *Orden* que se pretende revisar fue dictada por un tribunal con jurisdicción y no amerita nuestra revisión inmediata. La etapa del procedimiento en que se presenta el caso no es la más propicia para su consideración.

**IV.**

Por los fundamentos que anteceden, los que se hacen formar parte del presente dictamen, se *deniega* el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones